# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5365 | **DATE** | 9/24/2010 |
| **CASE TITLE** | Kenny Leslie (#2009-1105154) vs. Jody Weis, et al. | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion to proceed *in forma pauperis* [#3] and authorizes and orders the trust fund officer at the Cook County Jail to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The Clerk shall send a copy of this order to Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Div. V, 2700 S. California, Chicago, IL 60608. Plaintiff's ADA claim is dismissed with leave to amend. The Clerk shall issue summonses for Defendants Weis, Rodriguez and Proano, and the United States Marshals Service is appointed to serve them. Defendant Weis remains as a Defendant solely for the purpose of identifying the John Doe defendants. The Clerk shall send Plaintiff Instructions for Submitting Documents and a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied without prejudice to later renewal.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiff Kenny Leslie, who is in custody at the Cook County Jail, has filed suit under 42 U.S.C. § 1983. He claims that on November 3, 2009, Defendants, Officers Rodriguez and Proano, subjected him to excessive force on arrest and that Rodriguez used excessive force against him at the police station. Plaintiff alleges that he suffered physical injuries as a result. Plaintiff also alleges that Defendants denied him adequate medical care for his injuries. Plaintiff also sues City of Chicago Police Superintendent Jody Weis, seemingly in his supervisory capacity.

     The Court grants Plaintiff's motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $17.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

     Under 28 U.S.C. § 1915A, the Court conducts an initial review of prisoner complaints against governmental entities or employees. Taking Plaintiff's factual allegations as true, the complaint states a colorable claim as to Defendants Rodriguez and Proano for use of excessive force and deliberate indifference to a serious medical need. Defendants Rodriguez and Proano must respond to the complaint. Plaintiff has failed to state a viable claim against Defendant Weis, whom Plaintiff has sued in his supervisory capacity. Plaintiff has alleged no facts suggesting Weis's personal involvement or that the alleged wrongdoing

| STATEMENT |
|---|

occurred at Weis's direction or with his knowledge and consent. *See J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). To be liable under § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Plaintiff has alleged nothing of the kind.

Although Plaintiff has not stated a claim against Defendant Weis, the Court does not yet dismiss Weis as a Defendant. Plaintiff has named several John Doe defendants. A plaintiff must name the individual police officer(s) who allegedly subjected him to excessive force and deliberate indifference. If a plaintiff cannot name the individual officers, he can name a supervisory official such as Weis for the purpose of identifying unknown defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996)*; Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Thus Weis remains as a defendant only to the extent that he is necessary to assist Plaintiff in identifying the unnamed police officers. Plaintiff is advised to conduct discovery as soon as possible to obtain the names of the officers in question. The statute of limitations for Section 1983 actions filed in Illinois is two years from the date the plaintiff's claim accrued. *See, e.g., Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001).

Plaintiff has also asserted a claim under the Americans with Disabilities Act, 42 U.S.C. § 12132,but he has not named as a defendant a "public entity" suable under that statute. The Court thus dismisses Plaintiff's ADA claim, with leave to amend.

The Clerk shall issue summonses to Defendants Weis, Rodriguez and Proana (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The Court appoints the U.S. Marshals Service to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Chicago Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is to file all future papers in this case with the Clerk of Court, in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has appeared for Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

The Court denies Plaintiff's motion for appointment of counsel, without prejudice to later renewal. Plaintiff has alleged no disability that might preclude him from pursuing the case adequately on his own. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney appears to be necessary, at least not at this time. The Court also notes that judges give *pro se* litigants wide latitude in handling their lawsuits. Plaintiff may renew his request to appoint counsel if he wishes, after Defendants respond to the complaint.